UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SPENCER BOWENS,                 :
                                :
        Petitioner              :
                                :
    v.                          :        CIVIL NO. 3:CV-10-1575
                                :
UNITED STATES OF AMERICA,       :        (Judge Caputo)
                                :
        Respondent              :

## MEMORANDUM

Spencer Bowens, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Named as Respondent is the United States of America.[2]  Service of the petition was previously ordered.

After being granted an enlargement of time, Respondent filed an answer addressing Petitioner's allegations.  See Doc. 7.  The Petitioner thereafter submitted a timely traverse. Bowens subsequently provided this Court with additional information.  See Doc. 11.

---

[1] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted.  The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court

[2] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official.  See 28 U.S.C. § 2242.  The USP-Lewisburg Warden is Petitioner's custodial official for purposes of § 2242.

Consequently, this matter is ripe for consideration.

**Background**

Following a jury trial in the United States District Court for the Eastern District of Virginia, Petitioner was convicted on September 16, 1998 of conspiracy to possess and distribute crack cocaine, powder cocaine, and heroin, as well as two counts of harboring a fugitive from arrest, and obstruction of justice.

During a sentencing hearing, Petitioner objected to the Pre-Sentence Report (PSR) on the basis that it indicated that he had two (2) prior New York State robbery convictions.[3] According to a review of the record, including the transcript from the sentencing proceeding, Petitioner argued that because the aforementioned two state robbery charges were: consolidated by a superceding indictment, the subject of a single sentencing proceeding, and resulted in the imposition of concurrent sentences, the PSR should have reflected that he only had one prior robbery conviction.[4]  The sentencing court rejected Bowens' argument concluding that the PSR correctly listed the defendant as having two robbery convictions because the robberies were two separate offenses punctuated "by an intervening arrest" and therefore not related for purposes of the Federal Sentencing Guidelines.  See Doc. 2, Exhibit L, p. 28.

On January 8, 1999, Bowens was sentenced by the Eastern District of Virginia to serve a term of life imprisonment.  By decision dated August 18, 2000, the United States

---

[3]  A copy of the relevant portion of the PSR has been submitted by Bowens.  See Doc. 2, Exhibit A.

[4]  Petitioner has provided this Court with a copy of the sentencing hearing transcript.  See Doc. 2, Exhibit L.

Court of Appeals for the Fourth Circuit vacated Petitioner's two convictions for harboring a fugitive but affirmed his remaining convictions and sentence.  See United States v. Bowens, 224 F.3d 302, 304 (4th Cir. 2000).

In a August 6, 2009 decision, the Eastern District of Virginia denied Petitioner's motion to correct a clerical error pursuant to Federal Rule of Civil Procedure 36.  See Doc. 2 at Exhibit M.   Bowens' motion again claimed entitlement to relief on the basis that his two (2) New York state robbery charges were consolidated into a single conviction.  The sentencing court characterized Petitioner's motion as being a challenge to the calculation of his criminal history score under the Federal Sentencing Guidelines for the purpose of obtaining a more favorable custody classification.  In denying relief, the sentencing court noted that it had already addressed and dismissed Bowens' argument.[5]  See id. at p. 3-4.

Petitioner acknowledges that his pending request for habeas corpus relief is not attacking the legality of his federal convictions or sentence.  Rather, he describes this action as "challenging the calculation of his criminal history score under the Federal Sentencing Guidelines in order to secure a more favorable custody classification."[6]  Doc. 2, p. 1.  Relying on Sake v. Sharman, 2007 WL 2254529 (W.D. Pa. 2007) and Kitano v.

---

[5] The sentencing court's decision did include a footnote advising Petitioner that to the extent that PSR information "may adversely affect custody or potential for early release, any remedy he **may** have lies in a habeas corpus action." (Emphasis added)  Id. at p. 4.

[6] Custody classification is the process whereby the BOP assigns federal prisoners to custody levels based upon their criminal history, institutional behavior and adjustment to prison life.  A prisoner's custody level determines the amount of supervision which is required. The BOP conducts a yearly review of each prisoner's custody classification.

Smith, 2006 WL 42177 *2 (M.D. Pa. 2006), Petitioner asserts that as a result of the false information purportedly contained in his PSR, the Bureau of Prisons (BOP) improperly determined that his public safety factor was within the greatest severity range, a determination which he contends "may adversely affect his custody and or potential early release." [7] Id. at p. 2.

**Discussion**

Respondent concedes that Bowens has exhausted his administrative remedies and there is no contention that the petition is untimely. However, the Response contends that Petitioner's claims cannot be pursued under § 2241 because he does not challenge the fact or duration of his sentence. See Doc. 7, p. 5. The Respondent additionally argues that Bowens' pending action is deficient since he is attempting "to rehash the same argument" that he previously unsuccessfully raised before the sentencing court. Id. at p. 10.

Federal habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable."

---

[7] Petitioner notes that it is his intention to file an application for executive clemency in the form of a commutation of sentence. See Doc. 2, p. 7.

Petitioner correctly notes that in Sake, the Western District of Pennsylvania concluded that a challenge to the BOP's custody classification regarded the execution of the applicant's sentence and was therefore properly raised under § 2241.  See Sake 2007 WL 2254529 at * 4.   However, a later ruling by the United States Court of Appeals for the Third Circuit,  Levi v. Ebbert, 353 Fed. Appx. 681, 682  (3d Cir. 2009), concisely stated that claims concerning the determination of a federal prisoner's custody level "do not lie at the 'core of habeas' and, therefore are not cognizable in a § 2241 petition."[8]

Levi was handed down by the Third Circuit Court of Appeals after Sake and Kitano and unlike those two district court decisions it is binding on this Court.  The Court of Appeals in Levi observed  that habeas corpus review should not be undertaken because the custody classification claims asserted did not challenge the fact or length of the prisoner's confinement.  See id.  Levi also correctly noted that prisoners simply "have no constitutional right to a particular classification."  Id.  See also Schwarz v. Meinberg, 2011 WL 2470122 * 2 (C.D. Ca. May 31, 2011)(custody classification claims by federal inmate not cognizable on habeas review).  Based upon the reasoning set forth in Levi, this court agrees with Respondent's argument that Petitioner's pending challenge to his BOP custody classification is not properly pursued in a § 2241 action.

The Respondent also asserts that since Bowens' challenge to the accuracy of the PSR has already been ruled upon it cannot be properly pursued under § 2241.  See Doc. 7, p. 10. The undisputed record clearly establishes that since the time of sentencing Petitioner

---

[8]   In Levi as in the present case, the habeas applicant was a federal inmate who maintained that his custody classification score was wrongly calculated.

has made repeated efforts to challenge his PSR in order to have it modified to reflect that he had fewer prior criminal offenses. Bowens' pending action again asserts the same PSR argument with the only difference being that it is now couched in terms of being an attack on his BOP custody classification.

Regardless of how Petitioner labels his pending PSR related claim, it clearly questions the legality of his federal sentence. When challenging the validity of a federal sentence, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, No. 08-3898, 2009 WL 1154194, at *2  (3d Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence")  A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  This language in § 2255, known as the safety-valve clause, must be strictly construed.  Dorsainvil, 119 F.3d at 251; Russell, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); see also, Alexander v. Williamson, 2009 WL 1020218, at *2 (3d Cir. Apr. 16, 2009).

Petitioner's PSR related claim challenges the validity of his federal sentence from the Eastern District of Virginia.  Thus, he must do so by following the requirements of § 2255. The undisputed record clearly establishes that his PSR related claim has been presented to and twice denied by the sentencing court.  See Doc. 2, Exhibit M, p. 4.  Bowens also admits that he has previously unsuccessfully sought relief under § 2255.  See Doc. 1, ¶ 11. Consequently, he must obtain certification from the Court of Appeals to file another collateral challenge to his sentence.  The fact that he is unlikely to secure such a certification does not render the § 2255 process "inadequate or ineffective."  Likewise, the fact that the District Court may have previously denied his present argument does not make his claim cognizable in a § 2241 action.

**Conclusion**

For the reasons set forth above, Bowens' habeas corpus petition will be denied.  An appropriate Order will enter.

    /s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**DATED: November 14, 2011**

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SPENCER BOWENS,** | : |
| **Petitioner** | : |
| | : CIVIL NO. 3:CV-10-1575 |
| v. | : |
| | : (Judge Caputo) |
| **UNITED STATES OF AMERICA,** | : |
| **Respondent** | : |

**ORDER**

**AND NOW THIS 14th DAY OF NOVEMBER, 2011,** in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. The petition for writ of habeas corpus is denied.

2. The Clerk of Court is directed to close the case.

3. Based upon the Court's determination herein, there is no basis for the issuance of a certificate of appealability.

　/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**